**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Allen Wesley Massey, Appellant.

Appellate Case No. 2015-001934

———————

Appeal From Lancaster County
D. Craig Brown, Circuit Court Judge
G. Thomas Cooper, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-436
Submitted October 1, 2017 – Filed November 22, 2017

———————

**AFFIRMED**

———————

Appellate Defenders John Harrison Strom and Laura Ruth Baer, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Randy E. Newman, Jr., of Lancaster, all for Respondent.

———————

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 16-11-440(C) (2015) ("A person who is not engaged

in an unlawful activity and who is attacked in another place where he has a right to be . . . has no duty to retreat and has the right to stand his ground and meet force with force, including deadly force, if he reasonably believes it is necessary to prevent death or great bodily injury to himself . . . ."); *State v. Curry*, 406 S.C. 364, 370, 752 S.E.2d 263, 266 (2013) ("A claim of immunity under the [Protection of Persons and Property] Act requires a pretrial determination using a preponderance of the evidence standard, which this court reviews under an abuse of discretion standard of review."); *State v. Douglas*, 411 S.C. 307, 316, 768 S.E.2d 232, 237 (Ct. App. 2014) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *State v. Pittman*, 373 S.C. 527, 570, 647 S.E.2d 144, 166-67 (2007))); *Curry*, 406 S.C. at 371, 752 S.E.2d at 266 (finding the General Assembly did not intend for the Protection of Persons and Property Act to be construed to require a trial court to accept the accused's version of the underlying facts); *id.* at 372, 752 S.E.2d at 266 ("Appellant's claim of self-defense presents a quintessential jury question, which, most assuredly, is not a situation warranting immunity from prosecution.").

**AFFIRMED.**[1]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.